***********
Upon review of the record, including the pleadings from the Industrial Commission file, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the record and the pleadings, affirms the Decision and Order of the Deputy Commissioner, with some modifications, and enters the following Decision and Order.
 ***********
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff Peter Verdugo, a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction, initiated this civil action on November 30, 2007 by filing a Tort Claims Affidavit alleging that on September 3, 2005 employees of *Page 2 
Defendant at Pasquotank Correctional Institution confiscated from him several small wooden beads which were authorized items for religious worship and subsequently destroyed them.
2. Plaintiff's testimony at trial was consistent with the factual allegations set forth in his Affidavit.
3. Correctional Sergeant Rhonda Jones testified that the items Plaintiff referred to as wooden beads were constructed from yellow, State-issued lead pencils which had been broken into several pieces and hollowed out to resemble beads. Sgt. Jones further recalled seeing a number `2' on one or more of the confiscated beads, such as would be visible on a yellow number `2' pencil.
4. Although the items confiscated may have had value to Plaintiff as part of his religious worship practices, these wooden "beads" made from State-issued pencils have no monetary value. Therefore Plaintiff cannot establish injury or damages as a result of the confiscation of these items, even if he could prove the other elements of negligence.
5. The Industrial Commission has no jurisdiction over any constitutional claims Plaintiff may assert as a result of the confiscation of items used in his religious worship.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2007). The Act is in partial derogation of sovereign immunity and subjects the State to liability by application of respondeat superior based upon the conduct of an *Page 3 
identified "officer, employee, involuntary servant, or agent" of the party-defendant. See Stone v. N.C. Dep't of Labor,347 N.C. 473, 479, 495 S.E.2d 711, 714-15 (1998).
2. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff.Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). Plaintiff has not proven injury or damages as a result of the confiscation of the wooden "beads" made from pieces of State-issued pencils. Plaintiff has not proven actionable negligence on the part of Defendant. Id.
3. Plaintiff has therefore failed to meet his burden of proof under the Tort Claims Act, and his claim is subject to dismissal with prejudice.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED and this matter is DISMISSED WITH PREJUDICE.
2. No costs are taxed to Plaintiff, who was permitted to file informa pauperis.
This the ___ day of August, 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 4 
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ DANNY L. McDONALD COMMISSIONER
 *Page 1